NO. 07-11-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 12, 2012

_____

CIRILO DIAZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17995-0904; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2009, Appellant Cirilo Diaz, Jr., was convicted of burglary of a habitation[1] and sentenced to five years confinement and assessed a $750 fine. Punishment was suspended in favor of five years community supervision. In 2011, at a hearing on the State's motion to revoke, Appellant entered a plea of true to the State's allegations and

---

[1]Tex. Penal Code Ann. § 30.02 (West 2011).

the trial court found he had violated the terms and conditions of community supervision and revoked his community supervision. The trial court assessed the original sentence. Appellant perfected this appeal. The reporter's record has been filed.

By order of abatement dated October 13, 2011, this Court abated this appeal and remanded the cause to the trial court to consider retained counsel's motion to withdraw and whether Appellant was indigent and entitled to appointed counsel to prosecute this appeal. The trial court held a hearing on October 27, 2011. The State and Appellant's counsel were present but Appellant failed to appear. The trial court found that Appellant was a fugitive, forfeited his appeal bond, ordered that a capias issue for his arrest and raised the amount of a new bond to $100,000. Appellant's counsel's motion to withdraw was not considered.

Counsel then filed an amended motion to withdraw in this Court. By order dated November 29, 2011, this Court granted the motion after finding it complied with Rule 6.5 of the Texas Rules of Appellate Procedure. By that same order, Appellant was declared a *pro se* litigant and ordered to certify to this Court by December 19, 2011, whether he had requested preparation of the clerk's record and complied with Rule 35.3(a)(2) of the Texas Rules of Appellate Procedure on arranging to pay for the record. Appellant was admonished that failure to comply would result in dismissal of his appeal.

To date, Appellant has not responded to this Court's order and the clerk's record from the revocation proceeding remains outstanding. Rule 37.3(b) of the Texas Rules of Appellate Procedure authorizes dismissal of a criminal case for want of prosecution if

no clerk's record is filed due to Appellant's fault, provided the appellant is not entitled to proceed without the payment of costs and he has been given a reasonable opportunity to cure the omission before dismissal. Here, Appellant has not been declared unable to pay costs since having retained counsel to pursue this appeal. Furthermore, he has been given notice of his omission and a reasonable opportunity to cure. Given his status as a fugitive and his failure to comply with a directive from this Court, we dismiss this appeal. Tex. R. App. P. 37.3(b).


Patrick A. Pirtle
Justice

Do not publish.